ROBERT K. PHILLIPS
Nevada Bar No. 11441
BETSY C. JEFFERIS
Nevada Bar No. 12980
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
pkumar@psalaw.net

*Attorneys for Defendant/Cross-Claimant*
*Walmart Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE MICALI, individually,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a foreign corporation; ARCADIA MANAGEMENT GROUP, INC., a foreign corporation; MCCARRAN MARKETPLACE SPE, LLC, a foreign limited-liability company; MCP AIRPORT CENTER, LLC, a Nevada Limited-Liability Company; DOES I through XX; and ROE CORPORATIONS I through XX, inclusive,<br><br>            Defendants | Case No.:<br><br>[District Court, Clark County Case No.: **A-18-775931-C,** Dept. No.: VI]<br><br>**DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WALMART INC., by and through its attorneys, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits and respectfully shows:

I.

Petitioner WALMART INC. ("Defendant") is a Defendant in the above-entitled action.

/ / /

/ / /

/ / /

II.

This is a premises liability case in which Plaintiff, JANE MICALI (hereinafter "Plaintiff") claims on or about July 5, 2016 she injured her face and right knee by tripping and falling on "rocks by the yellow crosswalk" at the Walmart store no. 1560, located at 6005 S. Eastern Ave., Las Vegas, NV 89119. The above-entitled action was commenced by Plaintiff on June 11, 2018, in the Eighth Judicial District Court in and for Clark County, District of Nevada, and is now pending in that Court. Plaintiff served a Summons and a copy of his Complaint on Petitioner on June 19, 2018. A true and correct copy of Plaintiff's Summons and Complaint are attached hereto as **Exhibit "A"** and **Exhibit "B"**, respectively. Petitioner served its Answer upon Plaintiff on June 19, 2018. A true and correct copy of Petitioner's Answer is attached hereto as **Exhibit "C"**. On September 14, 2018 Defendant MCP Airport Center filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant MCP Airport Center's Answer is attached hereto as **Exhibit "D"**. Subsequently, MCP Airport Center was dismissed from the matter with prejudice via Stipulation and Order attached hereto as **Exhibit "E"**. Subsequently, Plaintiff served upon Petitioner the Initial Disclosures on January 9, 2019. A true and correct copy of Plaintiff's Initial Disclosures are is attached hereto as **Exhibit "F"**. Within the the computation of damages contained in Plaintiff's Initial Disclosures, Plaintiff claims that he suffered injuries, including but not a nasal fracture and surgery to repair the same along with right knee meniscus tear and subsequent surgery. *See* **Exhibit "F"**. In her computation of damages, Plaintiff itemizes $40,169.92 in past medical expenses purportedly related to the subject slip and fall incident. *Id.* at 6. Additionally, in Plaintiff's itemization of medical expenses, Plaintiff has indicated that she is still in the process of gather medical records and bills and will supplement this computation as discovery continues which indicates there are additional bills to be added to the medical specials amount. *Id.* In sum, Plaintiff's alleged damages, as stated in her Initial Disclosures, including but not limited to her known medical expenses, his medical expenses to be determined, future medical care, and pain and suffering and her claim for lost wages total *at the very least* $75,000.00

Plaintiff's Initial Disclosures is the "first paper" from which removability may be ascertained and which acknowledges that the amount in controversy in this action will exceed $75,000.00. Considering Plaintiff's claimed medical expenses of $40,169.92, the amount in controversy

requirement is met.  *See* **Exhibit "F"**.  Moreover, in light of diversity of citizenship between the parties, this Court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

III.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a). Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, resident of the State of Nevada. Petitioner WALMART INC. is, and was at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas, and therefore a citizen of the State of Delaware and a citizen of the State of Arkansas.

IV.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred from an incident at a Walmart store in Las Vegas, Nevada. On January 9, 2019, Plaintiff served her Initial Disclosures. *See* **Exhibit "F"**.  The Petition states that he was injured by tripping over rocks near the crosswalk at the Walmart store on July 5, 2016. *Id.*  In the Petition, Plaintiff itemizes $40,169.92 in past medical expenses purportedly related to the subject slip and fall incident and has indicated that she is still in the process of gather medical records and bills and will supplement this computation as discovery continues which indicates there are additional bills to be added to the medical specials amount related to the subject slip and fall incident and she also seeks an award for pain and suffering and lost wages. Plaintiff's claims satisfy the amount in controversy requirement.

V.

Plaintiff's Initial Disclosures of January 9, 2018 was the "first paper" from which the amount in controversy may be ascertained in the above-entitled action. 28 U.S.C. § 1446(b); 28 U.S.C. § 1332(a); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1997) (holding the "court may consider facts in a removal petition and may require parties to submit summary-judgment-

type evidence" to determine the amount in controversy). As such, this removal is timely under 28 U.S.C. § 1446(b).

VI.

A copy of Defendant's Petition For Removal Of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons addressed to Petitioner, Plaintiff's Complaint, Petitioner's Answer, and Plaintiff's Request for Exemption from Arbitration, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County.

VII.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

VIII.

This Petition is filed with the Court within thirty (30) days after Petitioner first learned that Plaintiff is seeking $40,169.92 in past medical expenses purportedly related to the subject slip and fall incident and has indicated that she is still in the process of gather medical records and bills along with lost wages, and pain and suffering, as is evidenced by her Initial Disclosures.  *See* **Exhibit "F"**. Plaintiff's Initial Disclosures, served upon Petitioner on July 17, 2018, is the "first paper" referencing the fact that Plaintiff seeks damages that clearly exceed the $75,000.00 federal diversity jurisdictional threshold. *See* **Exhibit "F"**.

As discussed above, it is undisputed that Plaintiff's claims will exceed the $75,000.00 jurisdictional requirement. *See* 28 U.S.C. § 1332(a); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated **future medical expenses** to determine that the amount in controversy exceeded the jurisdictional amount) (emphasis added); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that the plaintiff's wrongful termination action exceeded $75,000.00 in damages based on the lengthy list of compensatory and punitive damages combined

1   with a claim for attorney fees in her complaint); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,

2   298 (5th Cir. 1999) (holding that it was facially apparent from the plaintiff's complaint that claims

3   exceeded $75,000.00 where plaintiff alleged property damages, travel expenses, an emergency

4   **ambulance trip**, a six-day hospital stay, **pain and suffering**, humiliation, and a temporary inability to

5   do housework) (emphases added).

6       As such, it is wholly reasonable that Plaintiff's claims for damages and diversity of the parties

7   meet the requisite factors set forth under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

8                                    **PRAYER**

9       WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth

10  Judicial District Court in and for Clark County, Nevada, to this Court.

11  DATED this 22nd day of January 2019.

12                                   PHILLIPS, SPALLAS & ANGSTADT, LLC

13                                   */s/ Betsy C. Jefferis*

14                                   BETSY C. JEFFERIS
15                                   Nevada Bar No. 12980
                                     504 South Ninth Street
16                                   Las Vegas, Nevada 89101
                                     (702) 938-1510
17
18                                   *Attorneys for Defendant*
                                     *Walmart Inc.*

# EXHIBIT A

# EXHIBIT A

Electronically Issued
6/13/2018 12:39 PM

**SUMM**

## District Court
## CLARK COUNTY, NEVADA

JANE MICALI, individually,

       Plaintiff,

vs.

WAL-MART STORES, INC., a foreign
corporation; ARCADIA MANAGEMENT
GROUP, INC., a foreign corporation;
MCCARRAN MARKETPLACE SPE, LLC, a
foreign limited-liability company; MCP
AIRPORT CENTER, LLC, a Nevada Limited-
Liability Company; DOES I through XX; and
ROE CORPORATIONS I through XX,
inclusive

       Defendants.

CASE NO.: A-18-775931-C
DEPT. NO.: 6

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**WAL-MART STORES, INC**
c/o The Corporation Trust Company of Nevada
701 S. Carson St. Ste 200
Carson City, NV 89701

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

PATERNOSTER LAW GROUP

Dustin E. Birch, Esq.
Nevada Bar No. 10517
400 S. 4th St. 3rd Floor
Las Vegas, NV 89101

STEVEN D. GRIERSON, CLERK OF COURT

Josefina 'San' Juan
Deputy Clerk        6/13/2018
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

# EXHIBIT B

# EXHIBIT B

Electronically Filed
6/11/2018 12:04 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
GLENN A. PATERNOSTER, ESQ.
Nevada Bar No. 5452
DUSTIN E. BIRCH, ESQ.
Nevada Bar No. 10517
PATERNOSTER LAW GROUP
400 S. 4th St. 3rd Floor
Las Vegas, NV 89101
Telephone: (702) 654-1111
Facsimile: (702) 522-1522
*Attorneys for Plaintiff*
glenn@paternosterlaw.com
dustin@paternosterlaw.com

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE MICALI, individually, | CASE NO.:   A-18-775931-C |
| Plaintiff, | DEPT. NO.:    Department 6 |
| vs. | |
| WAL-MART STORES, INC., a foreign corporation; ARCADIA MANAGEMENT GROUP, INC., a foreign corporation; MCCARRAN MARKETPLACE SPE, LLC, a foreign limited-liability company; MCP AIRPORT CENTER, LLC, a Nevada Limited-Liability Company; DOES I through XX; and ROE CORPORATIONS I through XX, inclusive | **COMPLAINT FOR PERSONAL INJURIES** |
| Defendants. | |

COMES NOW, Plaintiff, JANE MICALI, by and through her attorneys of record, GLENN A. PATERNOSTER, ESQ., and DUSTIN E. BIRCH, ESQ. of the law firm of PATERNOSTER LAW GROUP, and for her claims for relief against Defendants, and each of them, alleges as follows:

## BACKGROUND FACTS

1.      At all times relevant to this action, Plaintiff is and was a resident of the City of Las Vegas, County of Clark, State of Nevada.

2.     Upon information and belief, at all times relevant to this action, Defendant WAL-MART STORES, INC. was licensed to do business in Nevada and were the operators of a property located at 6005 S. Eastern Avenue, Las Vegas, Nevada, 89108 (hereinafter "the premises").

3.     Upon information and belief, at all times relevant to this action, Defendant ARCADIA MANAGEMENT GROUP, INC. was licensed to do business in Nevada and were partial owners and operators of the premises.

4.     Upon information and belief, at all times relevant to this action, Defendant MCCARRAN MARKETPLACE SPE, LLC. was licensed to do business in Nevada and were partial owners and operators of the premises.

5.     Upon information and belief, at all times relevant to this action, Defendant MCP AIRPORT CENTER, LLC. was licensed to do business in Nevada and were partial owners and operators of the premises.

6.     That the true names or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES, I through XX and ROE CORPORATIONS I through XX are unknown to Plaintiff who therefore sue said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE and ROE CORPORATION is responsible in some manner for the events and happenings herein referred to and caused damage proximately to Plaintiff as alleged; Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through XX and ROE CORPORATIONS I through XX, when the same have been ascertained and to join such Defendants in this action.

7.     That on or about the 5th day of July, 2016, Plaintiff was upon the premises at the invitation of and for business benefit to the Defendants.

## FIRST CLAIM FOR RELIEF

### (Negligence)

8.     Plaintiff repeats and realleges paragraphs 1 through 7 and incorporates the same herein by reference as though fully set forth herein.

-2-

9.      At said time and place, the Defendants negligently maintained and controlled said real property and premises and, further, negligently permitted a dangerous condition, not obvious or apparent to Plaintiff to exist thereon and further, did:

      a.      negligently cause a dangerous condition to exist, to wit: an unsafe and negligently unclean walkway;

      b.      allow said dangerous conditions to remain in existence, as aforesaid, for an unreasonable length of time;

      c.      negligently failed to warn Plaintiff of the presence of said dangerous condition, and;

      d.      negligently allowed the premises to be in a condition dangerous and unfit for use in that the Defendants permitted the dangerous condition to exist on said premises, and, further, negligently failed to reasonably warn or guard Plaintiff in regard thereto.

10.     As a proximate result of the aforesaid negligence of the Defendants, Plaintiff was injured due to the dangerous condition on the premises of the Defendants, thereby causing the Plaintiff to be injured when she fell as aa result of the dangerous condition, thereby causing Plaintiff to sustain the injuries and damages as hereinafter set forth.

11.     Prior to the injury of Plaintiff the dangerous condition of said premises was known by, or should have been known by the Defendants, in the exercise of reasonable care.

12.     That by reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, shoulder, bodily limbs, organs and systems all of which conditions may be permanent and disabling in nature, all to her general damage in an amount in excess of $10,000.00.

13.     That by reason of the premises and as a direct and proximate result of the aforementioned negligence of the Defendants, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in an amount in excess of $10,000.00. That said services, care and treatment are continuing and shall continue in the future, all to her damage in a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when same shall be ascertained.

14.     That prior to the injuries complained of herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

15.     That by reason of the premises and as a direct and proximate result thereof, Plaintiff has been required to and did lose time from her employment, continues to, and shall continue to be limited in her activities and occupations which has caused and shall continue to cause the Plaintiff a loss of earnings and earning capacity, to her damage in a presently unascertainable amount, in this regard, Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

### SECOND CLAIM FOR RELIEF

#### (Premises Liability against the Defendants)

16.     Plaintiff repeats and realleges paragraphs 1 through 15 and incorporates the same herein by reference as though fully set forth herein.

17.     That on the 5th day of July, 2016, the Defendants, and each of them, knew or should have known that an unreasonably dangerous condition existed on the premises being used by Plaintiff.

18.     That due to these dangerous conditions, Plaintiff was injured.

19.     That the Defendants, and each of them, did not exercise reasonable care concerning the dangerous condition on said premises.

20.     By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries in both mind and body, and emotional distress necessitating medical care treatment, all or some of which conditions may be permanent and disabling in nature, and all to her general damage in an amount in excess of $10,000.00.

21.     That by reason of the premises and as a direct and proximate result of the aforementioned negligence of the Defendants, and each of them, Plaintiff was required to and did receive medical and other treatment for her injuries that total an amount in excess of $10,000.00. That said services, care and treatment are continuing and shall continue in the future, all to her damage in an amount in excess of $10,000.00. Plaintiff will amend her Complaint accordingly to prove the amount of damages when the same shall be ascertained.

22.     That prior to the injuries sustained and complained of herein, Plaintiff was an able-bodied person and physically capable of engaging in all other activities for which she was otherwise suited.

23.     That by reason of the premises and as a direct and proximate result thereof, Plaintiff has been required to and did lose wages, salary, tips, bonuses and benefits and the ability to maintain gainful employment and other daily life activities, and shall continue to suffer such losses which caused and shall continue to cause Plaintiff damage in a presently unascertainable amount in excess of $10,000.00, and in that regard, Plaintiff asks leave of this Court to insert said damage amounts when the same shall be fully ascertained.

24.     That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action; and she is therefore entitled to reasonable attorney's fees and costs herein.

///

///

///

1    WHEREFORE, Plaintiff, reserving her right to amend this Complaint at the time of the trial

2  of the actions herein to include all items of damages not yet ascertained, demands judgment against

3  Defendants, and each of them as follows:

4    1.    General damages in excess of TEN THOUSAND DOLLARS ($10,000.00);

5    2.    Special damages for medical care and treatment and costs incidental thereto, when the

6  same have been fully ascertained;

7    3.    For lost wages incurred when same have been fully ascertained;

8    4.    Damages for loss of earnings and earning capacity, when the same have been fully

9  ascertained;

10    5.    Prejudgment interest;

11    6.    Reasonable attorney's fees;

12    7.    Costs of suit herein; and

13    8.    For such other and further relief as the Court may deem proper.

14  DATED this ____ day of June, 2018

15                                     PATERNOSTER LAW GROUP

18                                     GLENN A. PATERNOSTER, ESQ.
19                                     Nevada Bar No. 8432
                                       DUSTIN E. BIRCH, ESQ.
20                                     Nevada Bar No. 10517
                                       400 S. 4th St. 3rd Floor
21                                     Las Vegas, NV 89101
                                       *Attorneys for Plaintiff*

# EXHIBIT C

# EXHIBIT C

Electronically Filed
7/9/2018 1:01 PM
Steven D. Grierson
CLERK OF THE COURT

1  **AACR**
   ROBERT K. PHILLIPS
2  Nevada Bar No. 11441
   POOJA KUMAR
3  Nevada Bar No. 12988
4  **PHILLIPS, SPALLAS & ANGSTADT, LLC**
   504 South Ninth Street
5  Las Vegas, Nevada 89101
   (702) 938-1510
6  (702) 938-1511 (Fax)
7  rphillips@psalaw.net
   pkumar@psalaw.net
8
   *Attorneys for Defendant/Cross-Claimant*
9  *Walmart Inc.*

10                        DISTRICT COURT

11                   CLARK COUNTY, NEVADA

12

13  JANE MICALI, individually,              Case No.:    A-18-775931-C
                                            Dept No.:    VI
14              Plaintiff,

    v.                                      **DEFENDANT WALMART INC.'S**
15                                          **ANSWER TO PLAINTIFF'S**
    WAL-MART STORES, INC., a foreign        **COMPLAINT / DEFENDANT/CROSS-**
16  corporation; ARCADIA MANAGEMENT         **CLAIMANT WALMART INC.'S**
    GROUP, INC., a foreign corporation;     **CROSSCLAIM AGAINST CROSS-**
17  MCCARRAN MARKETPLACE SPE, LLC, a        **DEFENDANTS ARCADIA**
    foreign limited-liability company; MCP  **MANAGEMENT GROUP, INC.,**
18  AIRPORT CENTER, LLC, a Nevada Limited-  **MCCARRAN MARKETPLACE SPE,**
    Liability Company; DOES I through XX; and **LLC, MCP AIRPORT CENTER, LLC,**
19  ROE CORPORATIONS I through XX,          **DOES I THROUGH XX, AND ROE**
    inclusive,                              **CORPORATIONS I THROUGH XX**
20              Defendants.

21  WALMART INC.,                           **[DEMAND FOR JURY TRIAL]**

22              Cross-Claimant,

23  v.

24  ARCADIA MANAGEMENT GROUP, INC., a
    foreign corporation; MCCARRAN
25  MARKETPLACE SPE, LLC, a foreign limited
    liability company; MCP AIRPORT CENTER
26  LLC, a Nevada limited liability company;
    DOES I through XX; and ROE
27  CORPORATIONS I through XX, inclusive,

28              Cross-Defendants.

1    COMES NOW, Defendant WALMART INC. (hereinafter "Walmart"), by and through its

2  counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits

3  its Answer to Plaintiff JANE MICALI'S (hereinafter "Plaintiff") Complaint, as follows:

4                                    **BACKGROUND FACTS**

5        1.      Answering Paragraph 1 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

6  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

7  and, therefore, denies the same.

8        2.      Answering Paragraph 2 of Plaintiff's Complaint, Walmart admits that it was and is

9  licensed to do business in Nevada at the location 6005 South Eastern Avenue in Las Vegas, Nevada.

10  As to all remaining allegations, Walmart denies each and every allegation contained therein.

11        3.      Answering Paragraph 3 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

12  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

13  and, therefore, denies the same.

14        4.      Answering Paragraph 4 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

15  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

16  and, therefore, denies the same.

17        5.      Answering Paragraph 5 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

18  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

19  and, therefore, denies the same.

20        6.      Answering Paragraph 6 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

21  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

22  and, therefore, denies the same.

23        7.      Answering Paragraph 7 of Plaintiff's Complaint, Walmart lacks sufficient knowledge

24  or information upon which to base a belief as to the truth or falsity of the allegations contained therein

25  and, therefore, denies the same.

26                                 **FIRST CLAIM FOR RELIEF**

27                                      **(Negligence)**

28        8.      Answering Paragraph 8 of Plaintiff's Complaint, Walmart repeats and reasserts its

1    answers to the allegations contained in Paragraphs 1 through 7 of Plaintiff's Complaint and

2    incorporates the same herein by reference as though fully set forth verbatim.

3        9.    Answering Paragraph 9 of Plaintiff's Complaint, Walmart denies each and every

4    allegation contained therein, including subparts (a) through (d), inclusive, as these allegations contain

5    misstatements of law and fact, including subparts (a) through (d), inclusive.

6        10.    Answering Paragraph 10 of Plaintiff's Complaint, Walmart denies each and every

7    allegation contained therein, as these allegations contain misstatements of law and fact.

8        11.    Answering Paragraph 11 of Plaintiff's Complaint, Walmart denies each and every

9    allegation contained therein, as these allegations contain misstatements of law and fact.

10       12.    Answering Paragraph 12 of Plaintiff's Complaint, Walmart denies each and every

11   allegation contained therein.

12       13.    Answering Paragraph 13 of Plaintiff's Complaint, Walmart denies each and every

13   allegation contained therein.

14       14.    Answering Paragraph 14 of Plaintiff's Complaint, Walmart denies each and every

15   allegation contained therein.

16       15.    Answering Paragraph 15 of Plaintiff's Complaint, Walmart denies each and every

17   allegation contained therein.

18                              **SECOND CLAIM FOR RELIEF**

19                         **(Premises Liability against the Defendants)**

20       16.    Answering Paragraph 16 of Plaintiff's Complaint, Walmart repeats and reasserts its

21   answers to the allegations contained in Paragraphs 1 through 15 of Plaintiff's Complaint and

22   incorporates the same herein by reference as though fully set forth verbatim.

23       17.    Answering Paragraph 17 of Plaintiff's Complaint, Walmart denies each and every

24   allegation contained therein, as these allegations contain misstatements of law and fact.

25       18.    Answering Paragraph 18 of Plaintiff's Complaint, Walmart denies each and every

26   allegation contained therein.

27       19.    Answering Paragraph 19 of Plaintiff's Complaint, Walmart denies each and every

28   allegation contained therein, as these allegations contain misstatements of law and fact.

1    20.    Answering Paragraph 20 of Plaintiff's Complaint, Walmart denies each and every
2  allegation contained therein.

3    21.    Answering Paragraph 21 of Plaintiff's Complaint, Walmart denies each and every
4  allegation contained therein.

5    22.    Answering Paragraph 22 of Plaintiff's Complaint, Walmart denies each and every
6  allegation contained therein.

7    23.    Answering Paragraph 23 of Plaintiff's Complaint, Walmart denies each and every
8  allegation contained therein.

9    24.    Answering Paragraph 24 of Plaintiff's Complaint, Walmart denies each and every
10  allegation contained therein.

11                          **AFFIRMATIVE DEFENSES**

12                          FIRST AFFIRMATIVE DEFENSE

13  Plaintiff fails to state a claim or cause of action upon which relief can be granted.

14                          SECOND AFFIRMATIVE DEFENSE

15  Plaintiff's claims are barred by the Statute of Limitations.

16                          THIRD AFFIRMATIVE DEFENSE

17  Plaintiff's claims are barred by the doctrines of waiver, release, laches, unclean hands, and
18  equitable estoppel.

19                          FOURTH AFFIRMATIVE DEFENSE

20  Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were
21  directly and proximately caused by forces over which Walmart had no control.

22                          FIFTH AFFIRMATIVE DEFENSE

23  Plaintiff assumed whatever risks or hazards existed at the time of the events alleged in her
24  Complaint, and Plaintiff is, therefore, responsible for the alleged injuries and damages suffered, if any
25  there were.

26                          SIXTH AFFIRMATIVE DEFENSE

27  Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were
28  caused in whole or in part by the negligence or conduct of third parties over which Walmart had no

1 | control.

2 | SEVENTH AFFIRMATIVE DEFENSE

3 | Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, are

4 | not attributable to any act, conduct, or omission on the part of Walmart, its employees, or its agents.

5 | EIGHTH AFFIRMATIVE DEFENSE

6 | Plaintiff's action is barred, and/or her recovery is diminished, by Plaintiff's own contributory

7 | negligence and/or comparative fault due to Plaintiff's own failure to use reasonable care in protecting

8 | Plaintiff's own health.  Plaintiff is not entitled to recovery from Walmart, in that any loss sustained by

9 | Plaintiff is the result of negligence or actionable fault on the part of Plaintiff.

10 | NINTH AFFIRMATIVE DEFENSE

11 | Plaintiff's negligence exceeds that of Walmart, if any, combined with the negligence of any

12 | other Defendants, if any, and Plaintiff is, therefore, barred from any recovery.

13 | TENTH AFFIRMATIVE DEFENSE

14 | Plaintiff's alleged injuries and damages, as set forth in her Complaint, if any there were, were

15 | pre-existing and/or caused by a subsequent accident or incident.

16 | ELEVENTH AFFIRMATIVE DEFENSE

17 | Plaintiff has failed to mitigate any damages, and, thus, any recovery should be reduced

18 | accordingly.

19 | TWELFTH AFFIRMATIVE DEFENSE

20 | Plaintiff has voluntarily waived any potential rights against Walmart.

21 | THIRTEENTH AFFIRMATIVE DEFENSE

22 | Plaintiff has failed to name essential parties necessary for full and adequate relief in this action.

23 | FOURTEENTH AFFIRMATIVE DEFENSE

24 | Walmart complied with all applicable Nevada and Federal statutes, regulations, and codes at

25 | all relevant times stated in Plaintiff's Complaint.

26 | FIFTEENTH AFFIRMATIVE DEFENSE

27 | Walmart contends that if Plaintiff suffered any injuries or damages as a result of the conduct

28 | she attributes to this answering Defendant, Walmart alleges that, prior to the incident giving rise to

1  this action, Plaintiff was aware of the risks and/or hazards, if any there were, at the time and place of

2  the incident; that whatever the conditions were at such time and place, they were obvious, discernible,

3  and were in fact known to and by Plaintiff; and that Plaintiff nonetheless freely and voluntarily

4  consented to assume and did assume these risks and/or hazards, if any there were.

5  SIXTEENTH AFFIRMATIVE DEFENSE

6  Walmart hereby incorporates by reference those Affirmative Defenses enumerated in Rule 8 of

7  the Nevada Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or

8  discovery reveals the applicability of such defense, Walmart reserves the right to seek leave of Court

9  to amend its Answer to specifically assert the same.  Such defenses are herein incorporated by

10  reference for the specific purpose of not waiving the same.

11  SEVENTEENTH AFFIRMATIVE DEFENSE

12  It has been necessary for Walmart to employ the services of an attorney to defend this action,

13  and a reasonable sum should be allowed for attorney's fees, together with the costs expended in this

14  action.

15  EIGHTEENTH AFFIRMATIVE DEFENSE

16  Walmart denies each and every allegation of Plaintiff's Complaint not specifically admitted,

17  denied, or otherwise pled to herein.

18  NINETEENTH AFFIRMATIVE DEFENSE

19  Walmart hereby reserves the right to add additional Affirmative Defenses as discovery

20  progresses.

21  TWENTIETH AFFIRMATIVE DEFENSE

22  Walmart hereby affirmatively pleads the application of the several liability provisions of

23  Nevada Revised Statutes § 41.141, as there is an issue of *bona fide* contributory negligence.

24  TWENTY-FIRST AFFIRMATIVE DEFENSE

25  If it is found that Walmart is liable to Plaintiff for any injuries and damages of the type alleged,

26  all of which are expressly and specifically denied, then Walmart is entitled to indemnification and/or

27  contribution from any judgment over and against such other Defendants that may be liable for all or

28  part of any verdict or judgment against this answering Defendant, which was caused by the negligence

1  and/or breach of contract of such other Defendants, together with costs and disbursements of this

2  action, including attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  Walmart hereby incorporates by reference those Affirmative Defenses enumerated in Rule

5  12(b) of the Nevada Rules of Civil Procedure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

7  Plaintiff failed to properly serve Walmart, in that her service of process or the process itself

8  was insufficient, and Walmart reserves the right to move for dismissal of the instant action for want of

9  proper service by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  Plaintiff has failed to properly include or join, under Nevada Rule of Civil Procedure 19,

12  indispensable parties without whom this matter cannot be properly adjudicated.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

14  Walmart hereby contends that the events, injuries, losses, and damages, if any there were,

15  complained of were the result of an unavoidable accident insofar as this answering Defendant is

16  concerned, and it occurred without any negligence, want of care, or other breach of duty to Plaintiff on

17  the part of Walmart.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

19  To the extent that Plaintiff engaged in illegal activities during or pursuant to the subject

20  incident, Plaintiff's claims are barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22  Walmart contends that this Court lacks jurisdiction over the subject matter of this action and of

23  each claim alleged herein.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25  Walmart asserts that Plaintiff did not reasonably rely on any act, omission, or representation of

26  Walmart.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

28  Walmart contends that it provided Plaintiff with sufficient warning to avoid any type of danger

1  or hazard, if any there were, yet Plaintiff failed to heed the warning of Walmart, resulting in the injury

2  or damage complained of in Plaintiff's Complaint, if any there were.

3  THIRTIETH AFFIRMATIVE DEFENSE

4  Walmart contends that any dangerous condition that may have existed at the time Plaintiff

5  suffered the injuries and damages complained of in her Complaint, if any there were, was not the

6  cause of said injuries and damages, but rather, some other, intervening condition outside of Walmart's

7  control caused said injuries and damages.

8  **PRAYER**

9  WHEREFORE, Walmart prays for judgment as follows:

10  1.  That Plaintiff take nothing by her Complaint;

11  2.  That Plaintiff's Complaint be dismissed with prejudice as to Walmart;

12  3.  That Walmart recover attorney's fees and costs incurred herein; and

13  4.  For such other and further relief as this Court may deem just and proper under the

14  circumstances.

15
16  **CROSSCLAIM AGAINST CROSS-DEFENDANTS ARCADIA MANAGEMENT GROUP, INC., MCCARRAN MARKETPLACE SPE, LLC, MCP AIRPORT CENTER, LLC, DOES I THROUGH XX, AND ROE CORPORATIONS I THROUGH XX, INCLUSIVE**

17  Defendant/Cross-Claimant WALMART INC. (hereinafter "Walmart"), by and through its

18  counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, for this Crossclaim

19  against Defendants/Cross-Defendants ARCADIA MANAGEMENT GROUP, INC., MCCARRAN

20  MARKETPLACE SPE, LLC, MCP AIRPORT CENTER, LLC, DOES I THROUGH XX, and ROE

21  CORPORATIONS I THROUGH XX, inclusive (collectively, "Cross-Defendants"), complains and

22  alleges as follows:

23  **GENERAL ALLEGATIONS**

24  1.  That at all times mentioned in Plaintiff's Complaint and/or herein, Walmart was a

25  Delaware corporation authorized to do business in the State of Nevada and in Clark County.

26  2.  That at all times relevant herein, Walmart operated the premises commonly known as

27  Walmart Store No. 1560, located at 6005 South Eastern Avenue, in Las Vegas, Nevada 89119, in the

28  County of Clark.

3.     That, on information and belief, at all times relevant herein, Cross-Defendant ARCADIA MANAGEMENT GROUP, INC. (hereinafter "Arcadia") was and continues to be an Arizona corporation licensed to conduct business in the State of Nevada.

4.     That, on information and belief, at all times relevant herein, Cross-Defendant MCCARRAN MARKETPLACE SPE, LLC (hereinafter "McCarran") was and continues to be a Delaware limited liability company licensed to conduct business in the State of Nevada.

5.     That, on information and belief, at all times relevant herein, Cross-Defendant MCP AIRPORT CENTER, LLC (hereinafter "MCP") was and continues to be a Nevada limited liability company licensed to conduct business in the State of Nevada.

6.     That the true names and capacities, whether individual, corporate, associate, or otherwise, of Cross-Defendants named herein as DOES I THROUGH XX and ROE CORPORATIONS I THROUGH XX are unknown to Walmart, who therefore sues said Cross-Defendants by said fictitious names. Walmart is informed, believes, and thereon alleges that each of the fictitious Cross-Defendants so designated is responsible in some manner, because of its acts or omissions, for the events and happenings referred to, and damages proximately caused to Plaintiff as alleged in Plaintiff's Complaint, and Walmart will seek leave of this Court to amend its Cross-Claim to insert the true names and capacities of DOES I THROUGH XX and ROE CORPORATIONS I THROUGH XX, individually and/or collectively, when the same have been ascertained, and to join such Cross-Defendants in this action.

7.     That at all times mentioned herein, each Cross-Defendant was the agent, partner, successor-in-interest, joint venture, subcontractor, or supplier of each of the remaining Cross-Defendants, and all of them, and was at all times acting within the scope of such agency, employment, or other relationship.

8.     That Walmart is informed, believes, and thereon alleges that Cross-Defendants, and all of them, ratified each and every act or omission complained of herein.

9.     That on or about June 11, 2018, Plaintiff Jane Micali (hereinafter "Plaintiff") filed a Complaint, Case No. A-18-755931-C, in the Eighth Judicial District Court of Clark County, State of Nevada, against Walmart and other such named Defendants, including Cross-Defendants, and all of

1   them, in which Plaintiff claims damages arising from an incident alleged to have occurred on or

2   around July 5, 2016, at the Walmart Store No. 1560 located at 6005 South Eastern Avenue in Las

3   Vegas, Nevada 89119.

4         10.    That Plaintiff's Complaint alleges that, *inter alia*, Cross-Defendants, and all of them,

5   negligently performed their duties owed to Plaintiff, thereby causing injuries to Plaintiff.

6                      **FIRST CAUSE OF ACTION – NEGLIGENCE**

7         11.    Walmart refers to and incorporates herein by reference Paragraphs 1 through 10 above

8   as though fully set forth herein.

9         12.    That Walmart generally denies all of the allegations in Plaintiff's Complaint and

10  specifically denies that it was negligent, careless, or at fault or that Plaintiff was damaged as alleged as

11  a result of any actions or inactions on the part of Walmart.  Walmart continues to and at all times

12  denies any and all liability in connection with the action in chief, but in the event Plaintiff establishes

13  liability in connection with the action in chief, Walmart alleges that such liability exists, if at all, only

14  as a direct and proximate result of the acts, omissions, breaches of contract, and negligence of Cross-

15  Defendants, and all of them.

16       13.    That Cross-Defendants, and all of them, owed a duty to Walmart to provide their

17  services, leasing, and/or merchandise in a safe manner, including a duty to maintain the premises

18  located at 6005 South Eastern Avenue in Las Vegas, Nevada 89119, in a safe condition.

19       14.    That at all times relevant, Cross-Defendants, and all of them, owed a duty to Walmart's

20  customers to maintain the premises located at 6005 South Eastern Avenue in Las Vegas, Nevada

21  89119, in a safe condition.

22       15.    That Cross-Defendants, and all of them, negligently failed to maintain the premises

23  located at 6005 South Eastern Avenue in Las Vegas, Nevada 89119, in a safe condition.

24       16.    That, as a direct result of the negligence of Cross-Defendants, and all of them, resulting

25  in Plaintiff's allegations of injury, an actual controversy now exists between Walmart and Cross-

26  Defendants, and all of them, as to the rights of indemnity and comparison of negligence owing to

27  Walmart by Cross-Defendants, and all of them, in that Walmart contends an indemnity obligation now

28  exists whereas Cross-Defendants, and all of them, deny that such an indemnity obligation exists.

1    Multiplicity of actions will be avoided by resolution of this Cross-Complaint and the legal action as

2    that filed by Plaintiff.

3         17.    That, as a direct result of the negligence of Cross-Defendants, and all of them, resulting

4    in Plaintiff's allegations of injury, Walmart has retained counsel to prosecute and defend itself in the

5    action herein, thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the

6    defense of this action and prosecution of this Cross-Complaint.

7                         **SECOND CAUSE OF ACTION – EQUITABLE INDEMNITY**

8         18.    Walmart refers to and incorporates herein by reference Paragraphs 1 through 17 as

9    though fully set forth herein.

10        19.    That any negligence, other than the comparative negligence of Plaintiff, was that of

11   Cross-Defendants, and all of them, and not of Walmart.

12        20.    That the negligence, if any, of Cross-Defendants, and all of them, was active and not

13   passive as compared to Walmart.

14        21.    That Cross-Defendants, and all of them, as between Cross-Defendants and Walmart,

15   were primarily negligent.

16        22.    That if Walmart is held responsible to Plaintiff for damages as alleged in Plaintiff's

17   Complaint, it will be solely due to the conduct of Cross-Defendants, and all of them.   Therefore,

18   Walmart is entitled to complete indemnification by Cross-Defendants, and all of them, for any sum or

19   sums for which Walmart may be adjudicated liable to Plaintiff, with costs of defense, costs of suit, and

20   reasonable attorneys' fees incurred therefrom, should such liability arise.

21        23.    That Walmart has retained counsel to prosecute and defend itself in the action herein,

22   thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of

23   this action and prosecution of this Cross-Complaint.

24                         **THIRD CAUSE OF ACTION – CONTRACTUAL INDEMNITY**

25        24.    Walmart refers to and incorporates herein by reference Paragraphs 1 through 23 as

26   though fully set forth herein.

27        25.    That Walmart entered into a written contract (the "Agreement") with each and every

28   one of the Cross-Defendants, and all of them, to supply services, leasing, and/or merchandise to

1   Walmart, including at the location at 6005 South Eastern Avenue in Las Vegas, Nevada 89119.

2      26.   That each Agreement between Walmart and Cross-Defendants, and all of them,

3   specifically provides that each of the Cross-Defendants, and all of them, at their sole cost and expense,

4   shall indemnify and defend Walmart.

5      27.   That pursuant to each contract between Walmart and Cross-Defendants, and all of

6   them, each of the Cross-Defendants, and all of them, are legally obligated to defend and indemnify

7   Walmart for any and all claims arising out of the injury to Plaintiff, who alleges that she was injured

8   on Walmart's leased premises located at 6005 South Eastern Avenue in Las Vegas, Nevada 89119,

9   within the premises of each of the Cross-Defendants, and all of them.

10      28.   That Cross-Defendants, and all of them, had, and continue to have, a duty to fulfill their

11   contractual obligation to indemnify Walmart.

12      29.   That Walmart was not negligent and did not contribute to the injuries alleged by

13   Plaintiff.

14      30.   That Cross-Defendants, and all of them, are contractually obligated to indemnify

15   Walmart for any award made against Walmart on behalf of Plaintiff, or any settlement entered into

16   between Walmart and Plaintiff, as well as for all costs, expenses, and attorneys' fees incurred by

17   Walmart in the defense of this matter.

18      31.   That Walmart has retained counsel to prosecute and defend itself in the action herein,

19   thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of

20   this action and prosecution of this Cross-Complaint.

21   **FOURTH CAUSE OF ACTION – CONTRIBUTION**

22      32.   Walmart refers to and incorporates herein by reference Paragraphs 1 through 31 as

23   though fully set forth herein.

24      33.   That Walmart entered into a written contract with each of the Cross-Defendants, and all

25   of them, for the supply of services, leasing, and/or merchandise to Walmart, including at the premises

26   commonly known as Walmart Store No. 1560, located at 6005 South Eastern Avenue in Las Vegas,

27   Nevada 89119.

28      34.   That neither Walmart nor any of the Cross-Defendants, and all of them, was or is the

insurer of the safety of any individual who chose to enter, exit, and/or patronize Walmart Store No. 1560 located at 6005 South Eastern Avenue in Las Vegas, Nevada 89119, on or about July 5, 2016.

35. That Walmart is not responsible for alleged injuries and/or damages to Plaintiff allegedly arising out of the alleged incident.

36. That Walmart was not negligent and is not responsible for any alleged injury and/or damages to Plaintiff allegedly arising out of the alleged incident. However, if, as a result of matters alleged in Plaintiff's Complaint, Walmart is required to satisfy more than its share of all or part of the claims asserted by Plaintiff, which liability is specifically denied, then Cross-Defendants, and all of them, are liable to Walmart for their portion in contribution based upon negligent action(s) and/or omission(s) by Cross-Defendants, and all of them.

37. That Walmart has retained counsel to prosecute and defend itself in the action herein, thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of this action and prosecution of this Cross-Complaint.

## FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

38. Walmart refers to and incorporates herein by reference Paragraphs 1 through 37 as though fully set forth herein.

39. That Walmart entered into a valid and existing Agreement with each of the Cross-Defendants, and all of them, to supply services, leasing, and/or merchandise to Walmart, including at the premises commonly known as Walmart Store No. 1560, located at 6005 South Eastern Avenue in Las Vegas, Nevada 89119.

40. That the Agreement between Walmart and each of the Cross-Defendants, and all of them, specifically provides that each of the Cross-Defendants, and all of them, will indemnify and defend Walmart, and name Walmart as an Additional Named Insured.

41. That pursuant to the Agreement between Walmart and each of the Cross-Defendants, and all of them, each of the Cross-Defendants, and all of them, is legally obligated to defend and indemnify Walmart for any and all claims arising out of the injury alleged in Plaintiff's Complaint, pursuant to the Agreement.

42. That pursuant to the Agreement between Walmart and each of the Cross-Defendants,

1    and all of them, each of the Cross-Defendants, and all of them, is legally obligated to name Walmart
2    as an Additional Named Insured on its Certificate of Insurance.

3        43.    That each of the Cross-Defendants, and all of them, is contractually obligated to
4    indemnify Walmart for any award made against it or on behalf of Plaintiff as well as for costs,
5    expenses, and attorneys' fees incurred under the Agreement.

6        44.    That Walmart has performed all of its obligations under the Agreement with each of the
7    Cross-Defendants, and all of them.

8        45.    That each of the Cross-Defendants, and all of them, materially breached the Agreement
9    with Walmart by not accepting Walmart's formal request for defense and indemnification pursuant to
10   the Agreement.

11       46.    That each of the Cross-Defendants, and all of them, materially breached the Agreement
12   with Walmart by failing to name Walmart as an Additional Named Insured on each of the Cross-
13   Defendants', and all of them, Certificates of Insurance.

14       47.    That as a result of this material breach by each of the Cross-Defendants, and all of
15   them, Walmart has incurred damages, including but not limited to attorneys' fees and costs.

16       48.    That Walmart has retained counsel to prosecute and defend itself in the action herein,
17   thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of
18   this action and prosecution of this Cross-Complaint.

19                    **SIXTH CAUSE OF ACTION – DECLARATORY RELIEF**

20       49.    Walmart refers to and incorporates herein by reference Paragraphs 1 through 48 above
21   as though fully set forth herein.

22       50.    That an actual controversy has arisen between Walmart and Cross-Defendants named
23   or identified herein, and all of them, concerning their respective rights, duties, claims, and obligations.

24       51.    That Walmart contends, among other contentions, that Cross-Defendants named or
25   identified herein, and all of them, have a duty to indemnify this Cross-Claimant for the proportional
26   amount of any judgment rendered in the Complaint or other Cross-Complaint herein, based upon the
27   fault or liability of said Cross-Defendants, and all of them.

28       52.    That the Cross-Defendants named or identified herein, and all of them, dispute these

1    contentions and contend that no duty to indemnify Walmart exists.  Walmart has no other existing

2    speedy, accurate, or proper remedy other than that prayed for by which the rights of the parties hereto

3    may be determined.

4       53.     That Walmart has retained counsel to prosecute and defend itself in the action herein,

5    thereby incurring costs, consultants' fees, attorneys' fees, and other litigation fees in the defense of

6    this action and prosecution of this Cross-Complaint.

7                             **PRAYER**

8      WHEREFORE, Defendant/Cross-Claimant Walmart prays for judgment as follows:

9       1.      That Cross-Defendants, and all of them, indemnify Walmart pursuant to contract and/or

10    in equity as to any judgment against it on behalf of Plaintiff and the costs, expenses, and attorneys'

11    fees incurred in defense o this matter;

12       2.      That Walmart is entitled to indemnification and defense by and from Cross-Defendants,

13    and all of them;

14       3.      That Cross-Defendants, and all of them, pay the percentage of the underlying liability

15    for the alleged damages sustained by the Plaintiff, if any, corresponding to Cross-Defendants', and all

16    of them, extent of negligence, if any;

17       4.      That Cross-Defendants, and all of them, contribute to the payment of any and all

18    damages which may be found in this action filed by Plaintiff in accordance with Cross-Defendants',

19    and all of them, percentage of fault, if any;

20       5.      For costs, expenses, and attorneys' fees incurred herein; and

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

1    6.    For such other and further relief as this Court may deem just and proper under the

2    circumstances.

3    DATED this 9th day of July, 2018.

4                                        **PHILLIPS, SPALLAS & ANGSTADT, LLC**

5                                        */s/ Pooja Kumar*

6                                        POOJA KUMAR, ESQ.
                                         Nevada Bar No. 12988
7                                        504 South Ninth Street
                                         Las Vegas, Nevada 89101
8                                        (702) 938-1510

9
                                         *Attorneys for Defendant/Cross-Claimant*
10                                       *Walmart Inc.*

- 16 -

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on the 9th day of July, 2018, I served a true and correct copy of the

3    foregoing, **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT /**

4    **DEFENDANT/CROSS-CLAIMANT WALMART INC.'S CROSSCLAIM AGAINST CROSS-**

5    **DEFENDANTS ARCADIA MANAGEMENT GROUP, INC., MCCARRAN MARKETPLACE**

6    **SPE, LLC, MCP AIRPORT CENTER, LLC, DOES I THROUGH XX, AND ROE**

7

8    **CORPORATIONS I THROUGH XX,** as follows:

9          ☐ By facsimile addressed to the following counsel of record, at the address listed below:

10         ☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope

11   upon which first class postage was prepaid in Las Vegas, Nevada;

12         ☐ By Hand Delivery (ROC); and/or

13
           ☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:
14

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| GLENN A. PATERNOSTER, ESQ.<br>Nevada Bar No. 5452<br>DUSTIN E. BIRCH, ESQ.<br>Nevada Bar No. 10517<br>PATERNOSTER LAW GROUP<br>400 South Fourth Street, Third Floor<br>Las Vegas, Nevada 89101 | Phone 702-654-1111<br>Fax    702-522-1522 | Plaintiff |
|  |  |  |

15

16

17

18

19

20

21

22

23         _____
           An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC

24

25

26

27

28

# EXHIBIT D

# EXHIBIT D

Electronically Filed
9/14/2018 2:37 PM
Steven D. Grierson
CLERK OF THE COURT

1   M. Craig Murdy, #007108
    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
2   6385 S. Rainbow Boulevard, Suite 600
3   Las Vegas, Nevada 89118
    Telephone: 702.893.3383
4   Facsimile: 702.893.3789
5   Craig.Murdy@lewisbrisbois.com
    *Attorneys for Defendant MCP Airport*
6   *Center, LLC*

7                        **DISTRICT COURT**

8                  **CLARK COUNTY, NEVADA**

9   JANE MICALI, individually,              Case No.  A-18-775931-C
                                            Dept. No.: 6
10              Plaintiff,
                                            **ANSWER OF DEFENDANT MCP**
11      vs.                                 **AIRPORT CENTER, LLC**
12
13  WAL-MART STORES, INC., a foreign
    corporation; ARCADIA MANAGEMENT
14  GROUP, INC., a foreign corporation;
    MCCARRAN MARKETPLACE SPE, LLC,
15  a foreign limited-liability company; MCP
16  AIRPORT CENTER, LLC, a Nevada
    Limited-Liability Company; DOES I
17  through XX; and ROE CORPORATIONS I
    through XX, inclusive,
18
19              Defendants.
20

21          For and as an Answer to Plaintiff Jane Micali's Complaint, Defendant MCP Airport
22  Center, LLC, by and through undersigned counsel, admits, denies and alleges as follows:
23          1.      Defendant is without information or knowledge sufficient to form a belief as
24  to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and
25  therefore, denies the same.
26          2.      With regard to the allegations contained in paragraph 2 of Plaintiff's
27  Complaint: Defendant is without information or knowledge sufficient to form a belief as to
28  the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore,

4821-0811-0190.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

1   denies the same.  Defendant admits that a Walmart is located on the premises of McCarran
2   Marketplace.
3        3.     Defendant is without information or knowledge sufficient to form a belief as
4   to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and
5   therefore, denies the same.
6        4.     Defendant is without information or knowledge sufficient to form a belief as
7   to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and
8   therefore, denies the same.
9        5.     With regard to the allegations contained in paragraph 5 of Plaintiff's
10   Complaint, Defendant admits being authorized to conduct business in Nevada, and asserts
11   that the remaining allegations are so vague and ambiguous that Defendant cannot respond
12   to the same, and therefore, denies the same.
13        6.     Defendant is without information or knowledge sufficient to form a belief as
14   to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and
15   therefore, denies the same.
16        7.     Defendant is without information or knowledge sufficient to form a belief as
17   to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, and
18   therefore, denies the same.
19   **FIRST CLAIM FOR RELIEF**
20   **(Negligence)**
21        8.     With regard to the allegations contained in paragraph 8 of Plaintiff's
22   Complaint, Defendant incorporates the foregoing admissions and denials as if the same
23   were fully set forth herein.
24        9.     Defendant denies the allegations contained in paragraph 9 of Plaintiff's
25   Complaint.
26        10.     Defendant denies the allegations contained in paragraph 10 of Plaintiff's
27   Complaint.
28        11.     Defendant denies the allegations contained in paragraph 11 of Plaintiff's

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1    Complaint.

2        12.    Defendant denies the allegations contained in paragraph 12 of Plaintiff's

3    Complaint.

4        13.    Defendant denies the allegations contained in paragraph 13 of Plaintiff's

5    Complaint.

6        14.    Defendant is without information or knowledge sufficient to form a belief as

7    to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and

8    therefore, denies the same.

9        15.    Defendant denies the allegations contained in paragraph 15 of Plaintiff's

10   Complaint.

11                              **SECOND CLAIM FOR RELIEF**

12                        **(Premises Liability against the Defendants)**

13       16.    With regard to the allegations contained in paragraph 16 of Plaintiff's

14   Complaint, Defendant incorporates the foregoing admissions and denials as if he same

15   were fully set forth herein.

16       17.    Defendant denies the allegations contained in paragraph 17 of Plaintiff's

17   Complaint.

18       18.    Defendant denies the allegations contained in paragraph 18 of Plaintiff's

19   Complaint.

20       19.    Defendant denies the allegations contained in paragraph 19 of Plaintiff's

21   Complaint.

22       20.    Defendant denies the allegations contained in paragraph 20 of Plaintiff's

23   Complaint.

24       21.    Defendant denies the allegations contained in paragraph 21 of Plaintiff's

25   Complaint.

26       22.    Defendant is without information or knowledge sufficient to form a belief as

27   to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint, and

28   therefore, denies the same.

LEWIS BRISBOIS BISGAARD & SMITH LLP

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

For and as affirmative defenses, Defendants allege:

1.     Plaintiff was negligent.

2.     Defendant did not breach any duty owed to Plaintiff.

3.     Defendant did not cause Plaintiff's damages, if any.

4.     All acts of Defendant were reasonable and prudent.

5.     Plaintiff has failed to mitigate her damages.

6.     Plaintiff is not entitled to recover medical expenses in excess of the amount actually paid.

7.     Plaintiff's billed medical expenses were not reasonable or necessary.

8.     Plaintiff's billed medical expenses do not reflect the reasonable cost of the same.

9.     Defendant is not liable for any pre-existing conditions.

10.    Plaintiff has failed to specifically identify her special damages as required by Nevada Rules of Civil Procedure 9(g).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court enter judgment as follows:

1.     Dismissing Plaintiff's Complaint with prejudice.

2.     Awarding Defendants taxable costs.

3.     Awarding Defendants attorneys' fees.

4.     Awarding Defendants pre and post-judgment interest.

5.     For such and further relief as may be appropriate.

4821-0811-0190.1                                    4

LEWIS BRISBOIS BISGAARD & SMITH LLP

1    DATED this 14th day of September, 2018.

2                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                    /s/ M. Craig Murdy
                                     M. Craig Murdy, #007108
5                                    6385 S. Rainbow Boulevard, Suite 600
                                     Las Vegas, Nevada 89118
6                                    Telephone: 702.893.3383
                                     Facsimile: 702.893.3789
7                                    Craig.Murdy@lewisbrisbois.com
                                     *Attorneys for Defendant MCP Airport Center,*
8                                    *LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

**CERTIFICATE OF SERVICE**

1

2       Pursuant to NRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard

3 & Smith, and that on this 14th day of September, 2018, I served a copy of the foregoing

4 **ANSWER OF DEFENDANT MCP AIRPORT CENTER, LLC** upon those persons

5 designated by the parties in the E-Service Master List in the Eighth Judicial District Court

6 e-Filing System in accordance with the mandatory electronic service requirements of

7 Administrative Order 14-1 and the Nevada Electronic Filing and Conversion Rules, upon

8 the following:

9 Glenn A. Paternoster
Dustin E. Birch
10 Paternoster Law Group
400 S. 4th St., 3rd Floor
11 Las Vegas, NV 89101
12 glenn@paternosterlaw.com
dustin@paternosterlaw.com
13 *Attorneys for Plaintiff*

14

15 Robert K. Phillips
Pooja Kumar
16 Phillips Spallas & Angstadt, LLC
504 S. Ninth Street
17 Las Vegas, NV 89101
*Attorneys for Defendant*
18 *Wal-Mart Stores, Inc.*

19

20 */s/Mariana Lara*

21 An Employee of
Lewis Brisbois Bisgaard & Smith LLP

22

23

24

25

26

27

28

# EXHIBIT E

# EXHIBIT E

Electronically Filed
1/2/2019 8:43 AM
Steven D. Grierson
CLERK OF THE COURT

1   M. Craig Murdy, #007108
    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
2   6385 S. Rainbow Boulevard, Suite 600
3   Las Vegas, Nevada 89118
    Telephone: 702.893.3383
4   Facsimile: 702.893.3789
    Craig.Murdy@lewisbrisbois.com
5   *Attorneys for Defendant MCP Airport*
6   *Center, LLC*

7

8                      **DISTRICT COURT**

9                  **CLARK COUNTY, NEVADA**

10  JANE MICALI, individually,          Case No.  A-18-775931-C
                                        Dept. No.: 6
11              Plaintiff,
                                        **STIPULATION AND ORDER FOR**
12  vs.                                 **DISMISSAL WITHOUT PREJUDICE**

13

14  WAL-MART STORES, INC., a foreign
    corporation; ARCADIA MANAGEMENT
15  GROUP, INC., a foreign corporation;
    MCCARRAN MARKETPLACE SPE, LLC,
16  a foreign limited-liability company; MCP
17  AIRPORT CENTER, LLC, a Nevada
    Limited-Liability Company; DOES I
18  through XX; and ROE CORPORATIONS I
19  through XX, inclusive,

20              Defendants.

21

22          Pursuant to Nevada Rules of Civil Procedure, Rule 41(a)(1), Plaintiff Jane Micali

23  and Defendants Wal-Mart Stores, Inc. and MCP Airport Center, LLC, being all of the

24  parties that have appeared in the action, by and through undersigned counsel, stipulate as

25  follows:

26          1.  That Plaintiff's action against Defendant MCP Airport Center, LLC, Case No. A-

27              18-775931-C may be dismissed without prejudice.

28  . . .

    4816-3774-2722.1

| ☐ Voluntary Dismissal | ☐ Summary Judgment |
| ☐ Involuntary Dismissal | ☐ Stipulated Judgment |
| ☒ Stipulated Dismissal | ☐ Default Judgment |
| ☐ Motion to Dismiss by Deft(s) | ☐ Judgment of Arbitration |

LEWIS BRISBOIS BISGAARD & SMITH LLP

1     2. Plaintiff and Defendant MCP Airport Center, LLC will bear their own fees and

2     costs.

3   Dated this 18ᵗʰ day of December, 2018.     Dated this ____ day of December, 2018.

4   **LEWIS BRISBOIS BISGAARD & SMITH LLP**   **PATERNOSTER LAW GROUP**

5

6   12/13/18

    M. Craig Murdy, #007108     Glenn A. Paternoster

7   6385 S. Rainbow Boulevard, Suite 600   Dustin E. Birch
    Las Vegas, Nevada 89118     Paternoster Law Group

8   *Attorneys for Defendant MCP Airport*   400 S. 4ᵗʰ St., 3ʳᵈ Floor
    *Center, LLC*     Las Vegas, NV 89101

9     *Attorneys for Plaintiff*

10   **PHILLIPS SPALLAS & ANGSTADT, LLC**

11

12   Robert K. Phillips
    Betsy Jefferis

13   504 S. Ninth Street
    Las Vegas, NV 89101

14   *Attorneys for Defendant*
    *Wal-Mart Stores, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4816-3774-2722.1       2

LEWIS BRISBOIS BISGAARD & SMITH LLP

1        2.   Plaintiff and Defendant MCP Airport Center, LLC will bear their own fees and

2        costs.

3    Dated this _____ day of December, 2018.          Dated this _____ day of December, 2018.
     LEWIS BRISBOIS BISGAARD & SMITH LLP              PATERNOSTER LAW GROUP
4

5    _____                 _____
     M. Craig Murdy, #007108                          Glenn A. Paternoster
6    6385 S. Rainbow Boulevard, Suite 600             Dustin E. Birch
     Las Vegas, Nevada 89118                          Paternoster Law Group
7    *Attorneys for Defendant MCP Airport*            400 S. 4th St., 3rd Floor
     *Center, LLC*                                    Las Vegas, NV  89101
8                                                     *Attorneys for Plaintiff*

9
     PHILLIPS SPALLAS & ANGSTADT, LLC
10

11   _____
     Robert K. Phillips
12   Betsy Jefferis
     504 S. Ninth Street
13   Las Vegas, NV  89101
     *Attorneys for Defendant*
14   *Wal-Mart Stores, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

1       2.   Plaintiff and Defendant MCP Airport Center, LLC will bear their own fees and

2       costs.

3   Dated this _____ day of December, 2018.    Dated this _____ day of December, 2018.
    LEWIS BRISBOIS BISGAARD & SMITH LLP    PATERNOSTER LAW GROUP

4

5   _____    _____
    M. Craig Murdy, #007108    Glenn A. Paternoster

6   6385 S. Rainbow Boulevard, Suite 600    Dustin E. Birch
    Las Vegas, Nevada  89118    Paternoster Law Group

7   *Attorneys for Defendant MCP Airport*    400 S. 4th St., 3rd Floor
    *Center, LLC*    Las Vegas, NV 89101

8       *Attorneys for Plaintiff*

9

10  PHILLIPS SPALLAS & ANGSTADT, LLC
        #12980

11  _____
    Robert W. Phillips

12  Betsy Jefferis
    504 S. Ninth Street

13  Las Vegas, NV 89101

14  *Attorneys for Defendant*
    *Wal-Mart Stores, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4816-3774-2722.1        2

LEWIS BRISBOIS BISGAARD & SMITH LLP

Micali v. MCP Airport Center, LLC
Case #: A-18-775931-C

## **ORDER**

PURSUANT TO THE STIPULATION OF THE PARTIES and for good cause shown, IT IS HEREBY ORDERED:

1. Plaintiff's action against Defendant MCP Airport Center, LLC is dismissed without prejudice.

2. Plaintiff and Defendant MCP Airport Center, LLC will bear their own fees and costs.

DATED this 26 day of December, 2018.

_____
DISTRICT COURT JUDGE

Submitted by:
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____
M. Craig Murdy, #007108
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada  89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Firm email:
Craig.Murdy@lewisbrisbois.com
*Attorneys for Defendants*

4816-3774-2722.1                                              3

# EXHIBIT F

# EXHIBIT F

ELECTRONICALLY SERVED
1/9/2019 3:32 PM

**16.1**

GLENN A. PATERNOSTER, ESQ.
Nevada Bar No. 5452
PATERNOSTER LAW GROUP
400 S. 4th St. Suite 300
Las Vegas, Nevada 89101
(702) 654-1111 – Telephone
(702) 522-1522 – Facsimile
glenn@paternosterlaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JANE MICALI, individually, | CASE NO.: A- 18-775931-C |
| Plaintiff, | DEPT. NO.: VI |
| vs. | |
| WAL-MART STORES, INC., a foreign corporation; ARCADIA MANAGEMENT GROUP, INC., a foreign corporation; MCCARRAN MARKETPLACE SPE, LLC, a foreign limited-liability company; MCP AIRPORT CENTER, LLC, a Nevada Limited-Liability Company; DOES I through XX; and ROE CORPORATIONS I through XX, inclusive | |
| Defendants. | |

## PLAINTIFF'S INITIAL LIST OF WITNESSES AND DOCUMENTS PRODUCED PURSUANT TO NRCP 16.1

COMES NOW, Plaintiff, JANE MICALI, by and through her attorneys of record, Glenn A. Paternoster, Esq. of the law firm of, PATERNOSTER LAW GROUP and hereby submits her list of Documents and Witnesses as follows:

//

//

# I.

## LIST OF DOCUMENTS:

1.    Complaint, 06/11/2018;

2.    One (1) Injury Photograph;

3.    Walmart Customer Incident Report;

4.    Medical records and billing from St. Rose Dominican Siena;

5.    Billing from Fremont Emergency Services;

6.    Billing records from Radiology Specialist, Ltd;

7.    Medical and billing from Nevada Ear and Sinus Institute;

8.    Medical and billing from Orthopaedic Institute of Henderson;

9.    Billing from Desert Radiologists;

10.   Billing from Desert Cardiology & Vascular Center;

11.   Medical records and billing from Seven Hills Surgery Center;

12.   Medical records and billing from Comprehensive Therapy Centers.;

13.   Billing from Chamian Medical Group.;

14.   Medical records and billing from Parkway Surgery Center at Horizon Ridge;

**Exhibits will be mailed on a disc.**

# II.

## PROPOUNDED WITNESS LIST

1.    JANE MICALI c/o PATERNOSTER LAW GROUP, 400 S. 4th St, Suite 300, Las Vegas, NV 89101, (702) 654-1111 – expected to testify as to the facts and circumstances of this incident.

2.    KNOWLEDGEABLE PERSON of WALMART STORES, INC., c/o PHILLIPS, SPALLAS & ANGSTADT, LLC-expected to testify as to the facts and circumstances of this incident.

3.    KNOWLEDGEABLE PERSON of MCP AIRPORT CENTER, LLC, c/o LEWIS BRISBOIS BISGAARD & SMITH LLP, 6385 S. Rainbow Boulevard, Suite 600 Las Vegas, NV 89118 (702) 893-3383-expected to testify as to the facts and circumstances of this incident.

4. Knowledgeable healthcare provider of St. Rose Dominican Hospital – Siena Campus, 3001 St. Rose Parkway Henderson, NV 89015 (702) 616-4593-expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

5. Custodian of Records for St. Rose Dominican Hospital – Siena Campus, 3001 St. Rose Parkway Henderson, NV 89015 (702) 616-4593-expected to testify as to the authenticity of the subject records provided.

6. Knowledgeable healthcare provider of Fremont Emergency Services, P.O. Box 638972 Cincinnati, OH 45263 (880)952-6772 - expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

7. Custodian of Records for Fremont Emergency Services, P.O. Box 638972 Cincinnati, OH 45263 (880)952-6772 expected to testify as to the authenticity of the subject records provided.

8. Knowledgeable healthcare provider of Radiology Specialists, Ltd, P.O. Box 50709 Henderson, NV 89016 (702)94-4123- expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

9. Custodian of Records for Radiology Specialists, Ltd, P.O. Box 50709 Henderson, NV 89016 (702)94-4123-expected to testify as to the authenticity of the subject records provided.

10. Knowledgeable healthcare provider of Nevada Ear & Sinus Institute, 3692 East Sunset Rd. Las Vegas, NV 89120 (702) 735-7668 - expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

11. Custodian of Records for Nevada Ear & Sinus Institute, 3692 East Sunset Rd. Las Vegas, NV 89120 (702) 735-7668 -expected to testify as to the authenticity of the subject records provided.

12.     Knowledgeable healthcare provider of Orthopaedic Institute of Henderson, 10561 Jeffreys St. Ste. 230 Henderson, NV 89052 (702) 565-6565-expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

13.     Custodian of Records for Orthopaedic Institute of Henderson, 10561 Jeffreys St. Ste. 230 Henderson, NV 89052 (702) 565-6565-expected to testify as to the authenticity of the subject records provided.

14.     Knowledgeable healthcare provider of Desert Radiologists, P.O. Box 952717 Saint Louis, MO 63126 (866) 750-3229 - expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

15.     Custodian of Records for Desert Radiologists, P.O. Box 952717 Saint Louis, MO 63126 (866) 750-3229 -to testify as to the authenticity of the subject records provided.

16.     Knowledgeable healthcare provider of Desert Cardiology & Vascular Center, 2847 St. Rose Parkway, Ste. 100 Henderson, NV 89052 (702) 947-5700- expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

17.     Custodian of Records for Desert Cardiology & Vascular Center, 2847 St. Rose Parkway, Ste. 100 Henderson, NV 89052 (702) 947-5700-expected to testify as to the authenticity of the subject records provided.

18.     Knowledgeable healthcare provider of Seven Hills Surgery Center, 876 Seven Hills Drive Henderson, NV 89052 (702) 914-2028- expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

19.     Custodian of Records for Seven Hills Surgery Center, 876 Seven Hills Drive Henderson, NV 89052 (702) 914-2028-expected to testify as to the authenticity of the subject records provided.

20.    Knowledgeable healthcare provider of Comprehensive Therapy Centers, 10561 Jeffreys St. Suite 200 Henderson, NV 89052 (702) 407-9431 - expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

21.    Custodian of Records for Comprehensive Therapy Centers, 10561 Jeffreys St. Suite 200 Henderson, NV 89052 (702) 407-9431 -expected to testify as to the authenticity of the subject records provided.

22.    Knowledgeable healthcare provider of Chamian Medical Group, 7325 S. Pecos Rd. Suite 102 Las Vegas, NV 89120 (702) 982-6402- expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

23.    Custodian of Records for Chamian Medical Group, 7325 S. Pecos Rd. Suite 102 Las Vegas, NV 89120 (702) 982-6402-expected to testify as to the authenticity of the subject records provided.

22.    Knowledgeable healthcare provider of Parkway Surgery Center at Horizon Ridge, 10561 Jefferys St. Suite 130 Henderson, NV 89052 (702) 616-4954 - expected to testify as to the treatment of and services rendered to Plaintiff, including, but not limited to the causation, necessity and reasonableness of the medical treatment rendered to Plaintiff.

23.    Custodian of Records for Parkway Surgery Center at Horizon Ridge, 10561 Jefferys St. Suite 130 Henderson, NV 89052 (702) 616-4954 expected to testify as to the authenticity of the subject records provided.

Plaintiffs reserve the right to supplement this witness list with the names of any persons having knowledgeable of relevant matters pertaining to this litigation not known to Plaintiffs at this time.

//

//

## III.

## COMPUTATION OF DAMAGES

To date, Plaintiff's known specials are as follows:

| | |
|---|---|
| St. Rose Dominican Hospital-Siena Campus, 07/05/2016 | $8,004.00 |
| Fremont Emergency Services, 07/05/2016 | $841.00 |
| Radiology Specialist, Ltd., 07/05/2016 | $290.79 |
| Nevada Ear & Sinus Institute, 07/11/2016-08/10/2016 | $3,140.00 |
| Orthopaedic Institute of Henderson, 07/16/2016-04/21/2017 | $4,276.00 |
| Desert Radiologists, 07/22/2016 | $1,999.13 |
| Desert Cardiology & Vascular Center, 07/28/2016-08/02/2016 | $3,740.00 |
| Seven Hills Surgery Center, 08/04/2016 | $4,990.00 |
| Comprehensive Therapy Centers, 09/12/2016-10/26/2016 | $480.00 |
| Chamian Medical Group, 01/06/2017 | $230.00 |
| Parkway Surgery Center at Horizon Ridge, 01/26/2017 | $12,179.00 |
| **TOTAL** | **$ 40,169.92** |

Plaintiff is still in the process of gathering medical records and bills and will supplement this computation as discovery continues.

## IV.

## INSURANCE AGREEMENTS/POLICIES

Plaintiff hereby requests that, pursuant to N.R.C.P. 16.1(1)(D), Defendants produce to Plaintiff copies of any and all insurance policies which are covering all or part of the costs of defense of this litigation; any policies which may afford coverage for the damages sustained by Plaintiff, and a copy of the complete insurance policy, declaration sheets, endorsements relating to said policies or reservation of rights under any such insurance agreement.

1   Plaintiff hereby reserves the right to supplement this proposed list of witnesses and

2   documents as discovery continues.  Plaintiff also reserves the right to utilize any witnesses and/or

3   documents identified by each of the Defendants.

4   DATED this _____ day of January 2019.

5   PATERNOSTER LAW GROUP

7   GLENN A. PATERNOSTER, ESQ.

8   Nevada Bar No. 5452
    400 S. 4th St. Suite 300

9   Las Vegas, NV 89101
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b) and the amendment to the EDCR 7.26, I hereby certify that service of the foregoing **PLAINTIFF'S INITIAL LIST OF WITNESSES AND DOCUMENTS PRODUCED PURSUANT TO NRCP 16.1** to be served electronically by using the Odyssey E-File and Serve system on this _____9th_____ day of January 2019. **Exhibit will be mailed on a disc.**

Betsy C. Jefferis, Esq.
PHILLIPS, SPALLAS & ANGSTATDT, LLC
504 South Ninth Street
Las Vegas, NV  89101
*Attorney for Defendant,*
*Wal-Mart Stores, Inc.*

An employee of PATERNOSTER LAW GROUP

-8-

